IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| VALERO ENERGY CORPORATION and its subsidiaries, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. _____ |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY | ) ) ) | |
| and | ) ) | |
| REGINA MCCARTHY, in her Official Capacity as Administrator, United States Environmental Protection Agency, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## ORIGINAL COMPLAINT AND APPLICATION FOR INJUNCTIVE RELIEF

Plaintiff Valero Energy Corporation and its subsidiaries[1] impacted by the United States

Environmental Protection Agency's fuel programs (collectively, "Valero") hereby alleges as

follows:

## NATURE OF THE ACTION

1.     Valero brings this action against the United States Environmental Protection

Agency and the Honorable Regina McCarthy, in her official capacity as Administrator of the

Environmental Protection Agency (collectively, "EPA"), to compel EPA to perform non-

---

[1] Valero Refining - Texas, L.P.; Diamond Shamrock Refining Company, L.P.; The Premcor Refining Group Inc.; Ultramar Inc.; Valero Refining Company – California; Valero Refining Company – Oklahoma; Valero Refining - New Orleans, L.L.C.; Valero Refining - Meraux LLC; Valero Refining Company - Tennessee, L.L.C.; Valero Renewable Fuels Company, LLC; Valero Marketing and Supply Company.

discretionary duties required by the Renewable Fuel Standard ("RFS") program under Clean Air Act ("CAA" or the "Act") section 211(o), 42 U.S.C. § 7545(o).

2.      EPA has failed to annually evaluate and adjust the regulations implementing the RFS program (including the definition of "obligated party") to ensure that they are "appropriate" as required by section 211(o)(2)(A), (o)(3)(B), 42 U.S.C. § 7545(o)(2)(A), (o)(3)(B). EPA has also failed to complete the periodic review mandated by section 211(o)(11), 42 U.S.C. § 7545(o)(11), to allow for the appropriate adjustment of the requirements of the RFS program. Valero requests a declaration that EPA failed to perform these non-discretionary duties, and Valero applies for an injunction requiring EPA to conduct promptly a rulemaking to ensure the requirements of the program are met, to conduct the periodic feasibility and impacts reviews, and to appropriately and fairly regulate entities.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over the subject matter of this action pursuant to section 304(a)(2) of the Act, 42 U.S.C. § 7604(a)(2) ("The district courts shall have jurisdiction . . . to order the Administrator to perform such act or duty . . . . "). This Court also has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 2201-02 (declaratory judgment).

4.      Venue is proper in this district because a substantial part of the events or omissions giving rise to this civil claim against the government occurred in this district. 28 U.S.C. § 1391(e)(1). Valero maintains numerous regulated assets in this district. For example, there are Valero-branded retail gasoline stations in the district, and Valero sells gas and diesel at the Holly Terminal in Wichita Falls. Additionally, Valero's McKee Refinery in Sunray, Texas is fed by a pipeline that originates in Wichita Falls. Valero markets and sells fuel that is obligated

under the RFS program in the district.   Valero is adversely impacted by EPA's actions or inactions as described in this Complaint in the district.

5.      Because the RFS program is implemented in this district, the effects on Valero of EPA's action and inaction are felt in this district, and Valero's regulated assets in this district are injured by EPA's action and inaction.   Valero experiences an economic impact of EPA's regulations in the district. Moreover, EPA's failure to take required action under the statute and failure to regulate rack sellers appropriately within this district are omissions giving rise to Valero's claims.  Venue is proper is here.

## THE PARTIES

6.      Valero Energy Corporation is a Delaware corporation with its principal place of business in San Antonio, Texas.  Valero Energy Corporation and its subsidiaries are subject to and impacted by the RFS program.  Valero, through its subsidiaries and joint ventures is the world's largest independent refiner and the nation's third-largest ethanol producer and largest renewable-diesel producer. Valero is a "person" within the meaning of section 302(e) of the Act, 42 U.S.C. § 7602(e).

7.      As a refiner of gasoline and diesel, Valero is an "obligated party" under the RFS program; it must therefore demonstrate on an annual basis that it meets four different Renewable Volume Obligations.[2]  These obligations are calculated by multiplying the quantity of gasoline and diesel Valero produces or imports each calendar year with the annual percentage standards established by EPA for each of the four types of renewable fuel.

8.      Defendant United States Environmental Protection Agency is a federal executive agency charged with implementing and enforcing the CAA, including the RFS program.

---

[2] Unless otherwise noted, capitalized terms have the same meaning as they do in the CAA and implementing regulations.

9.      Defendant Regina McCarthy is the Administrator of the United States Environmental Protection Agency and is sued in her official capacity.  Administrator McCarthy is the federal official ultimately responsible for all official actions or inactions of the United States Environmental Protection Agency challenged in this Complaint.

10.      Pursuant to Federal Rule of Civil Procedure 4(i) and 42 U.S.C. § 7604(c)(3), Defendants may be served with process by delivering copies of the summons and complaint via registered or certified mail to the United States Attorney for the district in which this action is brought, to the Attorney General of the United States, and to the EPA Administrator.

**STATUTORY AND REGULATORY FRAMEWORK**

11.      Congress enacted the RFS program as part of the Energy Policy Act of 2005, Pub. L. No. 109-58, 119 Stat. 594 (2005), to require the use of renewable fuels such as ethanol and biodiesel to replace or reduce the quantity of petroleum-based transportation fuel used in the United States. At that time, the statute mandated 4 billion gallons of renewable fuels be used in 2006, with the volumes increasing each year until reaching 7.5 billion gallons in 2012. Under the Energy Independence and Security Act of 2007, Pub. L. No. 110-140, 121 Stat. 1492 (2007), Congress greatly increased the mandated annual volumes and extended the program through 2022. Pub. L. No. 110-140 § 201, 121 Stat. 1492, 1519, 1521-22 (2007).

12.      The RFS program mandates the use of renewable fuels in four different categories: renewable fuel, advanced biofuel, biomass-based diesel, and cellulosic biofuel. 42 U.S.C. § 7545(o)(2)(B). Congress granted EPA the authority to alter the statutorily mandated volumes if, after notice and comment, EPA finds that (1) implementation of the RFS program's requirements "would severely harm the economy or environment" or (2) "there is an inadequate domestic supply" of renewable fuels. *Id*. § 7545(o)(7).

13.    The Act requires EPA to promulgate annual "regulations to ensure that transportation fuel sold or introduced into commerce in the United States . . . , on an annual basis, contains the applicable volume" of each of the four categories of renewable fuel. *Id.* § 7545(o)(2)(A). To "ensure[]" that the requirements of the RFS program are met, EPA must "determine and publish" these standards "[n]ot later than November 30" of each calendar year. *Id.* § 7545(o)(3)(B)(i).

14.    EPA must express the annual regulations as a "percentage of transportation fuel sold or introduced into commerce in the United States." *Id.* § 7545(o)(3)(B)(ii)(II). The obligation to satisfy these annual percentage standards "shall . . . be applicable to refineries, blenders, and importers, as appropriate." *Id.* § 7545(o)(3)(B)(ii)(I).

15.    EPA initially chose refiners and importers, but not blenders as "obligated parties" under the RFS program.  *See* Regulation of Fuels and Fuel Additives: Renewable Fuel Standard Program, 72 Fed. Reg. 23,900, 23,937 (May 1, 2007).

16.    The Act requires EPA to regulate the "appropriate" entities to ensure that the statutorily required fuel volumes are met.  42 U.S.C. § 7545(o)(2)(A)(iii), (o)(3)(B)(ii).  To this end, EPA must regulate "appropriate" entities to ensure that its own rule does not contribute to the necessary use of the statute's waiver authority to address the inadequate supply of renewable fuel. 42 U.S.C. § 7545(o)(2)(A), (o)(3)(B).

17.    The Act requires EPA to conduct "periodic reviews of . . . the feasibility of achieving compliance with the requirements" and of "the impacts of the requirements . . . on each individual and entity" regulated under the program "[t]o allow for appropriate adjustment" of the statutory volumes.  *Id.* § 7545(o)(11).

## FACTUAL BACKGROUND

18.     EPA has repeatedly failed to meet the annual November 30 statutory deadline to conduct a rulemaking that considers whether the  "Point of Obligation" under the RFS program meets the statutory requirement that the "appropriate" entities are regulated to ensure the statutory mandates are being met.  For example:

- Despite receiving at least one petition in 2014 and numerous comments in 2015 requesting that EPA address the appropriateness of the Point of Obligation, EPA did not consider the appropriateness of the Point of Obligation when it promulgated the final renewable fuel standards for 2014, 2015, and 2016 and the final biomass-based diesel volume for 2017 on December 14, 2015. Renewable Fuel Standard Program: Standards for 2014, 2015, and 2016 and Biomass-Based Diesel Volume for 2017, 80 Fed. Reg. 77,420, 77,431 (Dec. 14, 2015) (claiming that changing the Point of Obligation is "beyond the scope of th[e] rulemaking"); and

- EPA did not consider the Point of Obligation when it promulgated the final RFS regulations for renewable fuel, advanced biofuel, and cellulosic biofuel for 2017 and the RFS regulations for biomass-based diesel for 2018 on December 12, 2016. Renewable Fuel Standard Program: Standards for 2017 and Biomass-Based Diesel Volume for 2018, 81 Fed. Reg. 89,746, 89,781 n. 133 (Dec. 12, 2016) (noting only that EPA had previously proposed to deny petitions for a rulemaking to change the Point of Obligation).

19.     Under  section  211(o)(2)(A)(iii),  (o)(3)(B)(ii),  42  U.S.C.  § 7545(o)(2)(A)(iii), (o)(3)(B)(ii), EPA is obligated to evaluate and adjust annually the regulations implementing the RFS program to ensure that it regulates the "appropriate" parties (known as "obligated parties"). EPA has failed to meet this statutory deadline every year since 2010.

20.     Under section 211(o)(11), 42 U.S.C. § 7545(o)(11), EPA is obligated to complete the periodic review to allow for the appropriate adjustment of the requirements of the RFS program. EPA has continually failed to perform this statutory duty since 2010.

21.     On June 8, 2016, Valero petitioned EPA to conduct a rulemaking applicable to calendar years 2016 and thereafter that would satisfy EPA's non-discretionary duties in 42

U.S.C. § 211(o)(2)(A), (o)(3)(B), and (o)(11), and that would provide a forum for EPA's thorough consideration of adjusting the Point of Obligation to maximize the supply of renewable fuels in the market (the "Petition for Rulemaking").  A true and correct copy of the Petition for Rulemaking is attached to this Complaint as Exhibit A.

22.     EPA issued a Proposed Denial of Petitions for Rulemaking to Change the RFS Point of Obligation on November 10, 2016 (the "Proposed Denial"), attached to this Complaint as Exhibit B.  EPA published notice of its Proposed Denial of Petitions for Rulemaking to Change the RFS Point of Obligation on November 22, 2016.  *See* Notice of Opportunity to Comment on Proposed Denial of Petitions for Rulemaking to Change the RFS Point of Obligation, 81 Fed. Reg. 83,776 (Nov. 22, 2016).

23.     The Proposed Denial does not provide the relief that this Complaint seeks because it fails to recognize that EPA's duty to consider the Point of Obligation is  non-discretionary under the Act.

24.     EPA's Proposed Denial also wrongly concludes that Valero's Petition for Rulemaking is subject to the statutory criteria for petitions for reconsideration under section 307(d)(7)(B), 42 U.S.C. § 7607(d)(7)(B).  *See* Proposed Denial at 5.  In fact, there is no burden or criteria that must be established by any party for EPA to consider the Point of Obligation in the RFS program because EPA must do so under the Act as directed by Congress.

25.     Because EPA proposed to deny the petitions and denies that the Point of Obligation is within the scope of the two RVO rules issued in 2015 and in 2016, Valero cannot obtain relief sought in this action in a timely manner.  Legal action to challenge EPA's final denial cannot begin until EPA issues a final denial, and, because EPA denies any statutory duty related to the Point of Obligation and the petitions, EPA may delay issuing a final action on the

petitions and delay possible relief for Valero for years.  Each year that passes increases the harm to Valero.

## **INJURIES RESULTING FROM EPA'S FAILURE TO ACT**

26.     Valero is directly and indirectly harmed by EPA's failure to fulfill its statutory duties.  The market inefficiencies associated with the misplaced Point of Obligation harm Valero as a refiner, as the brand owner of retail fuel, and as a renewable fuel producer.

27.     The delay caused by EPA's failure to act injures Valero.  As a refiner, Valero is an obligated party under the RFS rules and faces excessive costs to comply with the RFS volume mandates because it lacks control at the point of compliance – blending at the rack.  Valero branded retail stations are also harmed by unfair competitive advantages that the RFS provides for large retailers and branded retail stations of refiners under the current RFS structure.  Harm to Valero-branded retail stations harms Valero.  As a renewable fuel producer, Valero is harmed by any constraint on the renewable fuel market that limits the efficiency and incentives for promoting renewable fuel consumption.

## **NOTICE**

28.     Section 304(a)(2) of the Act, 42 U.S.C. § 7604(a)(2), provides that:

> Except as provided in subsection (b) of this section, any person may commence a civil action on his own behalf . . . against the Administrator where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator.

Section 304(b)(2) of the Act, 42 U.S.C. § 7604(b)(2), provides that "no action may be commenced . . . under subsection (a)(2) of this section prior to 60 days after the plaintiff has given notice of such action to the Administrator . . . . "

29.     Valero gave actual notice to EPA of its intent to file this civil action in a letter addressed to the Administrator dated November 3, 2016 (the "Notice Letter").  A true and

correct copy of the Notice Letter is attached to this Complaint as <u>Exhibit C</u> and is incorporated by reference herein.  This Notice Letter satisfies the pre-suit notice requirement of section 304(b) of the Act, 42 U.S.C. § 7604(b).

30.    The 60-day period required by section 304(b) of the Act, 42 U.S.C. § 7604(b), between issuance of the Notice Letter and commencement of this civil action expired on January 2, 2017.

## CLAIMS FOR RELIEF

### COUNT I: Failure to Perform Non-Discretionary Duty to Annually Evaluate and Adjust the RFS Regulations to Ensure They Are "Appropriate" as Required by CAA Section 211(o)

31.    Plaintiff re-alleges and incorporates herein the allegations in Paragraphs 1 through 30 as if fully set forth herein.

32.    An actual controversy exists regarding EPA's implementation of the RFS program.  EPA has failed to evaluate and adjust annually the regulations implementing the RFS program (including the definition of "obligated party") to ensure that they are "appropriate" as required under section 211(o)(2)(A), (o)(3)(B), 42 U.S.C. § 7545(o)(2)(A), (o)(3)(B).

33.    EPA's failure to perform this non-discretionary duty continues to this day. Absent an appropriate order of this Court, EPA will continue to disregard this non-discretionary statutory duty.

34.    The delay caused by EPA's failure has harmed and continues to harm Valero.

35.    As provided in sections 304(a) and (d) of the Act, 42 U.S.C. § 7604(a) and (d), EPA's failure to perform its non-discretionary duty subjects EPA to injunctive relief, costs, and attorneys' fees for this action.

## COUNT II: Failure to Perform Non-Discretionary Duty to Conduct
## the Periodic Review Required by CAA Section 211(o)

36.     Valero re-alleges and incorporates herein the allegations in Paragraphs 1 through 35 as if fully set forth herein.

37.     An actual controversy exists regarding EPA's implementation of the RFS program.  EPA has failed to perform its non-discretionary duty to complete the periodic review mandated by section 211(o)(11), 42 U.S.C. § 7545(o)(11).

38.     EPA's failure to perform this non-discretionary duty continues to this day. Absent an appropriate order of this Court, EPA will continue to disregard this non-discretionary statutory duty.

39.     The delay caused by EPA's failure has harmed and continues to harm Valero.

40.     As provided in sections 304(a) and (d) of the Act, 42 U.S.C. § 7604(a) and (d), EPA's failure to perform their non-discretionary duty subjects them to injunctive relief, costs, and attorneys' fees for this action.

## RELIEF REQUESTED

WHEREFORE, Valero prays that the Court:

A.     Declare that Defendants have failed to perform a non-discretionary duty to annually evaluate and adjust the regulations implementing the RFS program (including the definition of "obligated party") to ensure that they are "appropriate" as required under section 211(o)(2)(A), (o)(3)(B), 42 U.S.C. § 7545(o)(2)(A), (o)(3)(B);

B.     Declare that Defendants have failed to perform a non-discretionary duty to complete the periodic review mandated by section 211(o)(11), 42 U.S.C. § 7545(o)(11);

C.     Order Defendants to conduct a rulemaking by a date certain forthwith to satisfy their non-discretionary duties under 42 U.S.C. § 7545(o)(2)(A), (o)(3)(B), and (o)(11);

D.      Order Defendants to take other appropriate actions to remedy, mitigate, and offset the harm to Plaintiff caused by Defendants' disregard of their statutory duty;

E.      Retain jurisdiction to ensure compliance with the Court's order;

F.      Award Plaintiff its costs and reasonable attorneys' fees as the Court may deem just and proper; and

G.      Grant such other relief as the Court deems just and proper.

Dated: January 17, 2017                     Respectfully submitted,

                                            BRACEWELL LLP

                                            */s/ Christopher L. Dodson*
                                            Christopher L. Dodson
                                            Attorney-of-Record
                                            Texas Bar No. 24050519
                                            William A. Moss
                                            Texas Bar No. 24078041
                                            (*pro hac vice* application forthcoming)
                                            Jaclyn Kalinoski
                                            Texas Bar No. 24093776
                                            (*pro hac vice* application forthcoming)
                                            711 Louisiana Street, Suite 2300
                                            Houston, Texas 77002
                                            Telephone: 713.223.2300
                                            Facsimile: 713.221.2103
                                            chris.dodson@bracewelllaw.com

                                            Richard Alonso
                                            (Licensed in the District of Columbia and Florida;
                                                *pro hac vice* application forthcoming)
                                            BRACEWELL LLP
                                            2001 M Street, N.W., Suite 900
                                            Washington, District of Columbia 20036
                                            Telephone: 202.828.5861
                                            Facsimile: 202.223.1225
                                            richard.alonso@bracewelllaw.com

                                            Clara Poffenberger
                                            (Licensed in the District of Columbia and Virginia;
                                                *pro hac vice* application forthcoming)
                                            CLARA POFFENBERGER ENVIRONMENTAL LAW AND

POLICY LLC
2933 Fairhill Road
Fairfax, Virginia 22031
Telephone: 703.231.5251
clara@airandclimatelaw.com

*Counsel for Valero Energy Corporation and its subsidiaries*